NOT DESIGNATED FOR PUBLICATION

No. 119,887

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRANDON BLAKESLEE,
*Appellee*,

v.

MANSEL CONSTRUCTION,

and

FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY,
*Appellants*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed May 10, 2019. Appeal dismissed.

*Matthew S. Crowley*, of Crowley Law Office, L.L.C., of Topeka, for appellants.

*Phillip B. Slape*, of Slape & Howard, Chartered, of Wichita, for appellee.

Before LEBEN, P.J., GREEN and POWELL, JJ.

LEBEN, J.: In a workers'-compensation case, the employer and employee sometimes disagree about who should be providing medical treatment. While the employer generally pays for the care and therefore gets to choose the provider, the law sometimes allows a judge to direct who provides treatment.

After an administrative law judge directed that Brandon Blakeslee be treated by Dr. Eva Henry, the employer, Mansel Construction, appealed that order to the Workers Compensation Appeals Board. The Board denied the appeal, and Mansel Construction

has appealed to our court. But we don't have jurisdiction to consider the appeal of a preliminary order about medical treatment. We therefore dismiss this appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

Blakeslee was injured in May 2015 while employed by Mansel Construction. Between May and August 2017, Blakeslee was seen by several doctors. Those doctors prescribed different treatments for his ongoing pain.

In August 2017, at Blakeslee's request, the administrative law judge ordered an evaluation by Dr. Eva Henry, a neurologist. She gave recommendations for his future treatment. Mansel Construction then selected Dr. Xavier Ng, who apparently practices physical medicine and pain management, to treat Blakeslee.

In December 2017, Blakeslee asked the administrative law judge for an order allowing his treatment to be done by Dr. Henry and not Dr. Ng. That request was at first denied in January 2018. In April 2018, Blakeslee renewed the request for a change in physician to Dr. Henry. The administrative law judge granted this renewed request and ordered Blakeslee's continued treatment to be performed by Dr. Henry. She is a neurologist and had made treatment recommendations that relate to neurology. Dr. Ng is not a neurologist, and the course of treatment he pursued diverged from the recommendations made by Dr. Henry.

Mansel Construction appealed this preliminary order to the Kansas Workers Compensation Appeals Board. Mansel Construction claimed that the administrative law judge had denied Mansel Construction due process by ordering that Dr. Henry provide the treatment without first allowing Mansel Construction to submit two names of treatment providers for the judge to choose from under K.S.A. 2018 Supp. 44-510h.

2

Mansel Construction also claimed that the Board could take jurisdiction over the appeal because the judge had "exceeded his or her jurisdiction or authority."

The Board disagreed, generally finding that it lacked jurisdiction to review the preliminary order. After making its findings of fact, the Board concluded that K.S.A. 2018 Supp. 44-510h allows jurisdiction only for four specific reasons. The Board concluded that a preliminary order "'related solely to the provision of medical care'" was not one of the four issues that the Board can review.

Even so, the Board said that it did have jurisdiction to consider Mansel Construction's claim that the administrative law judge had violated its right to due process. The Board found that Mansel Construction was given notice and an opportunity to be heard at the preliminary hearing, so the judge did not deprive it of due process. The Board said that "[i]deally" the administrative law judge would have given Mansel Construction the opportunity to present two names of potential treatment providers, but the Board ultimately found that due process did not require it. The Board upheld the administrative law judge's temporary order.

Mansel Construction then appealed the Board's order to this court.

ANALYSIS

A workers'-compensation claim proceeds in a series of administrative hearings that lead up to a final order, which generally is the awarding of some amount of compensation for the worker's injury. Before that final award is made, there may be preliminary awards or orders, including ones over medical treatment. As everyone recognizes, only a preliminary order is at issue in this appeal.

Because of that, the parties recognize that the first issue we must consider is whether we have jurisdiction to consider the appeal at all. The Kansas Court of Appeals was established by statute, and we have only the jurisdiction provided by statute. See *Williams v. Lawton*, 288 Kan. 768, 778, 207 P.3d 1027 (2009). So unless a statute provides jurisdiction for judicial review of a preliminary order, we can't review that order.

Two statutes provide the framework for court consideration of appeals from the Kansas Workers Compensation Appeals Board. K.S.A. 2018 Supp. 44-556(a) provides for the appeal of *final* orders of the Board to our court:

> "Any action of the board pursuant to the workers compensation act, *other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a*, and amendments thereto, shall be subject to review in accordance with the Kansas judicial review act by appeal directly to the court of appeals." (Emphasis added.)

So that statute provides jurisdiction for us to review final Board orders, but not preliminary ones. Those preliminary orders are made under K.S.A. 2018 Supp. 44-534a, the second of the statutes that frame the jurisdiction issue.

K.S.A. 2018 Supp. 44-534a provides for preliminary hearings and preliminary orders, and the preliminary hearings are "summary in nature" with the later opportunity for a "full presentation of the facts" at the "full hearing on the claim." K.S.A. 2018 Supp. 44-534a(a)(1) and (2). There's a limited right of review for key issues that are jurisdictional to the workers'-compensation proceeding itself, like whether the injury arose out of the employment and whether the employee suffered an accident. But preliminary orders on those issues are "subject to review by the board," not a court. K.S.A. 2018 Supp. 44-534a(a)(2). The statute specifically precludes judicial review of

4

preliminary orders even on these key issues: "Such review by the board shall not be subject to judicial review." K.S.A. 2018 Supp. 44-534a(a)(2).

Even so, Mansel Construction argues that we have jurisdiction because the administrative law judge denied it due process by failing to follow a statutory directive—that the employer be allowed to submit the names of two health-care providers for consideration if the administrative law judge decides a change in treatment provider is called for. See K.S.A. 2018 Supp. 44-510h(b)(1). Mansel Construction argues that even in a preliminary order the failure to follow the statutory requirement should be reviewable by a court. If this court doesn't provide review of the administrative law judge's failure to follow the statute, the argument goes, there won't be judicial review at all.

In support of its position, Mansel Construction cites an unpublished decision from our court, *Naff v. Davol, Inc.*, No. 79,250, unpublished opinion filed January 8, 1999. It's true that *Naff* did treat a preliminary order as a final order so that an appeal could be considered. Slip op. at 11. But *Naff* considered a case that was in a different procedural posture. *Naff* was a ruling on an issue related to continuing medical treatment *after* the award of benefits had been made—in other words, it was a post-merits decision related only to carrying out the award's requirement for further medical treatment. Slip op. at 2. The *Naff* court decided that the order at issue really was a final order because doing otherwise would have left the employer with no recourse to obtain any review. Slip op. at 5.

The difference in procedural posture is significant. Because there had already been a decision on the merits in *Naff*, the recourse anticipated in K.S.A. 2018 Supp. 44-534a(a)(2) for review of a preliminary order—a "full presentation of the facts" at the final administrative hearing—was not an option.

5

Here, however, there has not yet been an administrative ruling on the merits of Blakeslee's claim. All we have is a preliminary order. That preliminary order is still subject to a "full hearing on the claim" at the final administrative hearing, and at that point preliminary orders are not binding in resolving the underlying issues. See K.S.A. 2018 Supp. 44-534a(a)(2). So if the administrative law judge's decision about who would provide treatment affects resolving any issue, Mansel Construction still has a chance to contest the decision by the administrative law judge. And if the administrative law judge made the wrong decision and that mistake causes Mansel Construction to make payments it shouldn't have had to make, it can seek compensation under K.S.A. 2018 Supp. 44-534a(b).

In sum, our jurisdiction to hear this appeal is determined by statute, and no statute gives us the authority to hear this appeal. We therefore dismiss the appeal for lack of jurisdiction.